```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

```
TORRI R. THOMAS,
                                          15-cv-012 (MAT)
          Plaintiff,                      DECISION AND ORDER


     -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security[1],

          Defendant.
```

## I. Introduction

Plaintiff Torri R. Thomas("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that defendant the Acting Commissioner of Social Security ("Commissioner" or "defendant") improperly denied her application for supplemental security income ("SSI") payments under the Social Security Act (the "Act"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On June 27, 2017, Magistrate Judge Leslie G. Foschio issued a Report and Recommendation (the "R&R") (Docket No. 12) recommending that defendant's motion be granted and plaintiff's motion be

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

denied. As discussed further below, the Court adopts Judge Foschio's findings to the extent they are consistent with this Decision and Order and accepts his recommendation as to the disposition of the pending motions.

## II. Discussion

### A. Standard of Review

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *See, e.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Procedural Background

Plaintiff's application for SSI was filed on October 11, 2011 and was initially denied on February 10, 2012. Administrative Transcript (hereinafter "T.") 119. Following a hearing before administrative law judge ("ALJ") Timothy M. McGuan, during which testimony was taken from plaintiff and a vocational expert ("VE"),

the ALJ issued an unfavorable finding that plaintiff was not disabled under the Act on August 20, 2013. T. 17-33, 38-58.

In applying the required five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration (*see* 20 C.F.R. §§ 404.1520, 416.920; *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. 2008) (detailing the five steps)), the ALJ made the following findings, among others: (1) plaintiff had not engaged in substantial gainful activity since October 3, 2011, the application date; (2) plaintiff's cannabis abuse/dependence, major depressive disorder (recurrent, severe), anxiety disorder, and post-traumatic stress disorder ("PTSD") were severe impairments; (3) plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with limitations to simple, unskilled work, occasional detailed tasks, and occasional interaction with the public;(5) plaintiff had no past relevant work; and (6) taking into account plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. T. 19-32.

On November 7, 2014, the Appeals Council denied plaintiff's request for review, making the ALJ's determination the

Commissioner's final decision. T. 1-6. Plaintiff then commenced this action.

C.  **Plaintiff's Objections to the R&R**

In response to the R&R, plaintiff raises the following five arguments: (1) Judge Foschio erred in finding that the ALJ properly weighed the opinion of consultative physician Dr. Hongbiao Liu; (2) plaintiff is entitled to payment of benefits for the closed period from December 23, 2011 to January 29, 2013; (3) Judge Foschio erred in finding that the ALJ correctly determined that plaintiff had no severe physical impairments; (4) Judge Foschio erred in finding that the Commissioner appropriately determined plaintiff's RFC; and (5) Judge Foschio erred in finding that the ALJ properly accounted for the limitations assessed by consultative psychologist Dr. Renee Baskin. For the reasons discussed below, the Court finds that these objections are without merit.

1.  **Assessment of Dr. Liu's Opinion**

Dr. Liu examined plaintiff on January 30, 2012. T. 264-67. On physical examination, plaintiff had a steady gait, was able to walk on heels and toes with mild difficulty, could squat 70% without assistance, and had a normal stance and no assistive devices. T. 264-66. Plaintiff had a limited range of motion in her cervical spine, with flexion measured at 35 degrees and left and right rotation measured at 70 degrees. T. 266. In her lumbar spine, plaintiff's range of motion was measured at 20 degrees upon

left and right lateral rotation and plaintiff had positive straight leg raising tests in both the seated and supine positions. *Id.* Dr. Liu assessed plaintiff with chronic neck pain, chronic low back pain, chronic shoulder pain, anxiety, and depression, and opined that her prognosis was fair. *Id*. Dr. Liu further opined that plaintiff had "mild limitations for routine activities" and should "avoid lifting, carrying, bending, kneeling, and overhead reaching." T. 267. In assessing plaintiff's RFC, the ALJ gave Dr. Liu's opinion "some, but not great" weight. T. 31. The ALJ explained that portions of Dr. Liu's opinion were inconsistent with his physical examination, and with plaintiff's lack of treatment, denial of symptoms to treating sources, and normal physical examinations by treating sources. *Id*.

In her motion for judgment on the pleadings, plaintiff argues that the ALJ failed to evaluate Dr. Liu's opinion in accord with 20 C.F.R. § 416.927(c). Docket No. 8-1 at 10. In the R&R, Judge Foschio somewhat confusingly found that "[p]laintiff correctly asserts that the ALJ erred in not discussing each of the six factors set forth under § 416.927(c)," but went on to state that "no error impairs to the ALJ's findings." Docket No. 12 at 16.

It is well-established that an ALJ is not required to provide a "slavish recitation of each and every factor" set forth in § 416.927(c) when evaluating a medical source opinion. *Atwater v.*

*Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013); *see also Augustine v. Comm'r of Soc. Sec.*, 2016 WL 5462836, at *16 (W.D.N.Y. Sept. 28, 2016) ("An ALJ does not have to mechanically recite these factors. . . ."). Instead, all that it is required is that the ALJ provide "good reasons" for the weight afforded to each medical source opinion. To the extent that the R&R can be read to suggest that the ALJ was required to explicitly discuss each of the factors, the Court disagrees and finds no error.

With respect to the substance of the ALJ's assessment, the Court finds that the ALJ adequately explained the reasons for the weight afforded to Dr. Liu's opinion. In particular, the ALJ discussed in detail the fact that plaintiff repeatedly denied having neck, back, or shoulder problems, including in November and December 2012 - that is, after Dr. Liu provided his opinion. T. 27. The ALJ further noted that physical examinations performed by plaintiff's treating physicians were normal and that there was no indication plaintiff had ever received any physical therapy or chiropractic treatment. *Id*. Accordingly, the ALJ concluded that Dr. Liu's opinion was inconsistent with the medical record as a whole. T. 31. This plainly constitutes an acceptable reason to afford his opinion limited weight.

In short, the Court finds no error in the ALJ's assessment of Dr. Liu's opinion. Accordingly, the Court rejects plaintiff's objection as to this point.

## 2. Consideration of a Closed Period of Disability

Plaintiff's second objection contends that the ALJ should have awarded her benefits for a closed period of disability, because the record shows that she was hospitalized for 16 days in a 13 month period from December 23, 2011 to January 29, 2013. Docket No. 12 at 5-6. Although plaintiff raised this issue in her moving papers (*see* Docket No. 8-1 at 17-18), the R&R does not address it. However, having analyzed the issue, the Court concludes that no remand is required.

Under the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. §§ 404.1509, 416.920. "A closed period of disability refers to when a claimant is found to be disabled for a finite period of time which started and stopped prior to the date of the administrative decision granting disability status." *Carbone v. Astrue*, 2010 WL 3398960, at *13 n. 12 (E.D.N.Y. Aug. 26, 2010) (internal quotation marks omitted).

As a threshold matter, the Court notes that plaintiff apparently did not raise the issue of a closed period of disability prior to filing her motion for judgment on the pleadings, and that she has therefore arguably waived it. *See, e.g., Emery v. Astrue*,

2012 WL 1910090, at *6 (D. Vt. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1910085 (D. Vt. May 25, 2012) ("At the outset, the Court notes that Emery did not raise the issue of a closed period of disability until the filing of this Motion. . . . Typically, a court need not address such a claim when it is raised for the first time at this stage in the proceedings."); *see also Hapstak v. Com'r of Soc*. Sec., 2003 WL 22232046, at *12 (N.D.N.Y. Sept. 26, 2003) ("It has been held . . . that with some exceptions, the failure to raise an argument in the Agency precludes plaintiff from raising it in federal court."). However, defendant has not claimed that plaintiff is precluded from making this argument, and has instead argued the issue on the merits. "[A]s the Commissioner has not challenged this issue, the Court will address it." *Emery,* 2012 WL 1910090, at *6; *see also Verdi v. Comm'r of Soc. Sec.*, 2011 WL 1361559, at *4 n.2 (D. Vt. Apr. 11, 2011) ("in accordance with Second Circuit law instructing courts to broadly construe and liberally apply the Social Security Act," court would consider claim for a closed period of disability that was not raised at the administrative level).

Here, plaintiff's argument that she is entitled to benefits for a closed period of disability rests on her claim that she was "hospitalized" for 16 days between December 23, 2011 to January 29, 2013. However, an examination of the medical record shows that this is not the case. To the contrary, while plaintiff did visit

the emergency room on a number of occasions for complaints such as anxiety-related nausea, ovarian cysts, gastroenteritis, and pregnancy-related nausea, there is no indication that she was ever admitted to the hospital on these occasions. *See* T. 304, 314-15, 337, 341, 398, 419, 434, 466, 576, 634, 640. In other words, plaintiff's argument is based on a faulty reading of the medical record. Moreover, there is no evidence that plaintiff's intermittent visits to the emergency room would have required her to be absent from work for entire days. Accordingly, plaintiff has not shown that she was disabled from December 23, 2011 to January 29, 2013, nor has she shown that the ALJ erred in not considering whether she was entitled to payment of benefits for a closed period.

### 3. Absence of Severe Physical Impairments

Plaintiff next argues that Judge Foschio should have found that the ALJ erred in concluding at step two that she had no severe physical impairments. The Court disagrees.

As this Court has explained:

> Step two addresses two distinct questions. First, an ALJ must determine whether an impairment satisfies the durational requirement. Unless an impairment is expected to result in death, an impairment must last [] or [] be expected to last for a continuous period of at least 12 months before it can be considered potentially disabling. Second, an ALJ must determine whether an impairment limits a claimant's ability to do basic work activities. . . . These requirements are separate from each other, and cannot be conflated.

*Warren v. Astrue*, 2012 WL 32971, at *3 (W.D.N.Y. Jan. 6, 2012) (internal citations and quotations omitted).

In this case, at step two, the ALJ considered in detail plaintiff's claim of neck, back, and shoulder pain. The ALJ explained that plaintiff had been involved in a motor vehicle accident on March 8, 2010, which she claimed caused neck, back, and shoulder pain. T. 21. The ALJ further explained that the medical record showed that plaintiff had not received any treatment for neck, back, or shoulder symptoms from February 11, 2011 through November 10, 2012, and that plaintiff had in fact expressly denied any neck, back, or extremity injuries or pain or limitations of motion during emergency room visits on April 27, 2012, April 29, 2012, June 3, 2012, July 22, 2012, August 11, 2012, and November 6, 2012. T. 21-22. Moreover, on November 10, 2012, plaintiff presented at the emergency room complaining of back pain, which she described as a new problem and denied having any previous injury that could have caused it. T. 22. Notably, plaintiff expressly denied having any pain in her neck or extremities during that visit. *Id*. Plaintiff complained of low back pain to her primary care physician in February and March 2013, but physical examination was normal on both occasions. *Id*. Based on the foregoing, the ALJ concluded that plaintiff's "neck, back, and right should pain from her motor vehicle accident did not last at least twelve consecutive months." *Id*.

The ALJ's step two determination regarding plaintiff's neck, back, and shoulder pain is not a model of clarity. The Court acknowledges that, to some degree, the ALJ appears to have conflated the durational requirement and his assessment of the impairment's severity. However, it is clear from the ALJ's discussion and analysis of plaintiff's claims that, separate and apart from the durational requirment, he concluded that her neck, back, and shoulder pain did not limit her ability to perform basic work activities. *See, e.g.,* T. 27 ("The medical record does not support the claimant's allegations of a severe physical impairment causing limitations on her ability to perform work-related activities"). Substantial evidence supports this finding. Plaintiff's medical records show that she expressly denied having any neck, back or shoulder injury on at least six occasions in 2012, and that the physical examinations performed by her treating physicians were normal. Notably, plaintiff has offered no explanation whatsoever for the inconsistencies between her statements to her physicians regarding her alleged neck, back, and shoulder injuries and the claims she is now making. This Court is hard-pressed to find that the ALJ erred in crediting plaintiff's own repeated denials of any neck, back, or shoulder injury.

Thus, even assuming that the ALJ improperly conflated the durational requirement and the severity analysis at step two, remand is not required. *See Warren,* 2012 WL 32971, at *4 (remand

was inappropriate where "despite the ALJ's lack of clarity at step two, he properly considered the effects of all Plaintiff's impairments"). The ALJ throughly assessed the evidence of record regarding plaintiff's claimed neck, back, and shoulder pain, and his determination is based on substantial evidence.

### 4. Determination of RFC

Plaintiff's fourth argument is that, having rejected Dr. Liu's opinion, the ALJ improperly assumed the role of a physician in determining that plaintiff had no physical impairments. Again, the Court disagrees.

"[I]t is not *per se* error for an ALJ to make the RFC determination absent a medical opinion." *Lewis v. Colvin*, 2014 WL 6609637, at *6 (W.D.N.Y. Nov. 20, 2014). In particular, "where the medical evidence shows relatively minor physical impairments, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Id*. (internal quotation omitted). Here, and as discussed above, the medical evidence showed that plaintiff's physical impairments, to the extent they existed, were minor - plaintiff had received little treatment, her physical examinations were normal, and she repeatedly denied having any neck, back, or shoulder injuries. Under these circumstances, the ALJ did not err in rendering a common sense judgment about her functional capacity, even in the absence of a physician's assessment. *See, e.g., Lay v. Colvin*, 2016

WL 3355436, at *7 (W.D.N.Y. June 17, 2016) ("notwithstanding Plaintiff's assertion that the MRI results demonstrate conditions too severe to warrant common sense judgment, the ALJ was permitted to evaluate them, along with the other medical evidence of record, and to conclude that there is nothing in the record to support the severity of the symptoms testified to by the claimant") (internal quotation omitted).

### 5. Consideration of Dr. Baskin's Opinion

Plaintiff's final argument is that the ALJ improperly rejected Dr. Baskin's opinion that plaintiff had "moderate limitations being able to maintain attention and concentration." Docket No. 13 at 9. In his decision, the ALJ afforded some, but not great weight to Dr. Baskin's opinion. T. 30-31. In particular, the ALJ noted that Dr. Baskin failed to indicate whether or to what extent plaintiff's substance abuse impairment caused her limitations. T. 31.

As Judge Foschio explained in the R&R, RFC assessments "may not perfectly correspond with any individual medical opinion." Docket No. 12. Instead, it is the role of the ALJ to consider and weigh all the evidence and make an appropriate RFC finding. *See, e.g., Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *Cruz v. Colvin*, 2014 WL 4826684, *14 (N.D.N.Y. Sept. 29, 2014) (ALJ may credit some portion of a consultative opinion, while properly declining to credit those conclusions that are not supported by the consultative examiner's own examination findings and are

inconsistent with the other evidence of record). In short, the ALJ was entitled to credit only part of Dr. Baskin's opinion, which is what he did in limiting plaintiff to simple, unskilled work and occasionally detailed tasks. Plaintiff has failed to establish that this constituted error.

For the reasons set forth above, upon its *de novo* review and after careful consideration of plaintiff's objections, the Court adopts the R&R to the extent it is consistent with this Decision and Order and accepts the recommendation that plaintiff's motion for a judgment on the pleadings be denied and that defendant's motion for a judgment on the pleadings be granted.

### III. Conclusion

For the reasons set forth above, the R&R (Docket No. 12) is adopted to the extent it is consistent with this Decision and Order and is otherwise rejected. The Commissioner's motion for a judgment on the pleadings (Docket No. 10) is granted, and plaintiff's motion for a judgment on the pleadings (Docket No. 8) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
MICHAEL A. TELESCA
United States District Judge

Dated: September 13, 2017
Rochester, New York